884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jack Leo GOODWIN, Jr., Defendant-Appellee.
 No. 88-2172.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The United States of America appeals from the order of the district court releasing a portion of defendant Jack Goodwin's assets to be used for attorney's fees. For the following reasons, we reverse the order of the district court and remand for further proceedings.
 
 I.
 
 2
 On July 21, 1988, Goodwin was charged with sixteen others in a multi-count indictment. Goodwin was charged with a conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846 and unlawful importation of cocaine in violation of 21 U.S.C. Sec. 963. The indictment also charged a forfeiture under 21 U.S.C. Sec. 853 of the following property pertaining to Goodwin:
 
 
 3
 a. 46 foot Post Marine Vessel, Hull Identification No. PMC46139J687; and known as the Mystique;
 
 
 4
 b. a 35 foot Bertram Marine Vessel, Hull Identification No. BERJ0881M79F355 and known as the Mirage.
 
 
 5
 On August 16, 1988, Goodwin was arrested in Boca Raton, Florida. At the time of the arrest, federal officials found in Goodwin's possession ten five thousand dollar bank drafts payable to himself drawn on a Windsor, Ontario bank.
 
 
 6
 Subsequently, other documents were discovered which showed that on May 26, 1988, Goodwin had sold the Post Vessel for $150,000.00 and that $135,000 of these funds was wire transferred to the Windsor bank in Goodwin's name.
 
 
 7
 These funds were eventually transferred to the Eastern District of Michigan and were placed in the Marshal's account. At no time did the government seek an injunction or restraining order preventing the use of these funds.
 
 
 8
 On August 17, 1988, Goodwin retained the law firm of Graham and Cary and agreed to pay them the sum of $100,000. He assigned to this firm, his interest in the funds in the Windsor bank.
 
 
 9
 Goodwin filed a motion to exempt attorney's fees from forfeiture alleging that he has no other funds to pay his counsel of choice, and that said counsel (Graham & Cary) will not act as his counsel unless they are paid. The government filed a response to this motion.
 
 
 10
 At a hearing on October 20, 1988, the district court, after noting the split in authority on the issue, released a portion of the assets that had been placed in the court's custody to pay for attorney's fees. An appropriate order was entered on November 2, 1988. The government timely appeals.
 
 II.
 
 11
 The issue on which the district court based its judgment, and on which the government based its appeal, has been recently dispositively decided in the government's favor by the Supreme Court. See Caplin & Drysdale, Chartered v. United States, 109 S.Ct. 2646 (1989); United States v. Monsanto, 109 S.Ct. 2657 (1989).
 
 
 12
 Appellee, however, argues alternatively that because the government failed to seek a restraining order or injunction under section 853(e), and failed to prove its entitlement to the funds, the district court properly released the funds. At oral argument, appellee also asserted that the district court's order was based in part on this reasoning. On the record before us, however, it is not clear whether, and to what extent, the district court considered the issue now presented by appellee.
 
 
 13
 Accordingly, for the foregoing reasons, the district court's order is REVERSED and the case is REMANDED for further proceedings.